## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **WAYNE JOSEPH, JR,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>**GOVERNMENT OF THE VIRGIN ISLANDS,** )<br>**VIRGIN ISLANDS POLICE DEPARTMENT,** )<br>**KASSANDRA DESORMEAUX,** )<br>**DAVID WYRYKUSKI, and** )<br>**JEREMY LARCHMAN,** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 2017-0011 |

**Appearances:**
**Martial A. Webster, Sr., Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Temporary Restraining Order and Injunctive Relief," filed by Plaintiff, Wayne Joseph, Jr. on February 22, 2017. (Dkt. No. 2). In his Motion for a TRO, Joseph seeks the return of his boat and boat trailer that were seized by law enforcement officers in October 2016. For the reasons that follow, the Motion will be denied.

### I.   PROCEDURAL HISTORY

On February 22, 2017, Joseph filed a Verified Complaint in which he alleged that, on October 18, 2016, between 6:30 and 7:00 p.m., he was traveling in a car with some friends after having been out to sea for a birthday party. The car was towing his 2012 Ocean Runner 29 vessel with two outboard engines on a boat trailer. Another group of friends was traveling in a car in front

of Joseph's car. (Dkt. No. 1, ¶¶ 3, 4). An unmarked vehicle that was traveling behind Joseph's car started to flash its lights. It passed Joseph's and his friends' cars, and blocked the road. Individuals dressed in black came out of several unmarked vehicles, both behind and in front of Joseph's and his friends' cars and pointed their large guns at Joseph's and his friends' faces. *Id.* at ¶¶ 4, 5. The individuals identified themselves as law enforcement; they had Joseph and the people who were riding in his car on the ground, handcuffed, with guns pointed at them. *Id.* at ¶ 5.

According to the Complaint, the law enforcement officers searched Joseph's boat and both vehicles, without consent. They did not find anything illegal during the searches. *Id.* ¶ 6. They placed everyone in handcuffs and brought them to the HIDTA Office at the District Court, and questioned them for several hours. *Id.* ¶ 7. Joseph and his friends were eventually released—in the middle of the night—some with wet clothes and no shoes. They were not given their vehicles and telephones, as the law enforcement agents confiscated all of Joseph's and his friends' personal property. *Id.* ¶ 8.

The Complaint further alleges that, approximately one week later, law enforcement returned the vehicles, cell phones, and cash that had been taken from Joseph and his friends, but they did not return Joseph's boat and boat trailer. To this day, law enforcement has provided no explanation why they seized and refused to return these legally purchased items, nor has the Government contacted Joseph or sent him any notice regarding the seizure of his boat and trailer. *Id.* ¶¶ 10-13.

Joseph seeks a Temporary Restraining Order immediately providing for the return of his boat and boat trailer that were illegally seized by law enforcement in October 2016, and restraining and prohibiting the Government and its agents from having further contact with him outside the presence of counsel and from harassing him unnecessarily. *Id.* at 3-4.

In his Motion for a TRO, filed the same day as his Verified Complaint, Joseph reiterates the facts recited in his Complaint and argues that Government agents had no authority under the forfeiture statute, 18 U.S.C. §§ 981 and 982, to search him without a warrant, and seize the boat which was not obtained from any illegal activity. (Dkt. No. 3 at 3-4). Joseph then addresses the requirements for a court to grant a TRO—probability of success on the merits, irreparable harm, balancing of hardships, and public interest. With regard to the probability of success, Joseph argues that the questions before the Court are whether his property was wrongfully seized in violation of his constitutional rights, and whether the Government should be ordered to return the property forthwith. He asserts that the Government agents had no probable cause to believe he was engaged in any illegal activity with the property or that the property was traceable to any illegal activity, and the agents failed to follow the dictates of the forfeiture statute when they seized the property. *Id.* at 8.

With regard to irreparable injury, Joseph claims he is "not seeking an injunction based on pure economic damages or slight inconvenience. Rather, Plaintiff asserts that the seizure of his boat denies him the use of his boat. Such harm amounts to irreparable injury, which cannot be compensated for by mere money damages." *Id.* at 9 (citation omitted).

Concerning the balance of hardships between himself and the Government, Joseph contends that he "will suffer loss of use of his boat" and the continued possession by the Government would present a hardship on him, which would outweigh the risk that the property would be lost, concealed or transferred if it was returned to him. *Id.* at 9-11.

Turning to the public interest element, Joseph states that "the Government should not be allowed to shirk the law in an effort to conduct an illegal search and seizure under the guise of

3

forfeiture seizure where there is no probable cause to believe the boat was involved in or traceable to any illegal activity[.]" *Id.* at 11.

## II.   ANALYSIS

### A. Applicable Legal Principles

Under Rule 65 of the Federal Rules of Civil Procedure, the Court may grant injunctive relief with a temporary restraining order or a preliminary injunction. *Am. Tel. & Tel. Co. v. Winback & Conserve Prog. Inc.,* 42 F.3d 1421, 1427 (3d Cir. 1994). Injunctive relief is "'an extraordinary remedy. . . which should be granted only in limited circumstances.'" *Id.* (quoting *Frank's GMC Truck Ctr., Inc. v. GM Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The same legal standard applies to requests for a temporary restraining order and a preliminary injunction. *Smith v. Litton Loan Servicing, LP*, 2005 WL 289927, at *6 (E.D. Pa. Feb. 4, 2005).

To prevail on a motion for a temporary restraining order, the moving party must show each of the following four elements: (1) a reasonable probability of success on the merits; (2) that he will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *See N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 385-86 (3d Cir. 2012); *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energy, Inc. v. DQE, Inc.,* 171 F.3d 153, 158 (3d Cir. 1999)). "The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC,* 428 F.3d 504, 508 (3d Cir. 2005).

If the movant fails to demonstrate an imminent risk of irreparable harm, that is "a sufficient ground" upon which to deny a TRO/preliminary injunction. *Beberman v. U.S. Dep't of State,* __ F. App'x __, 2017 WL 117527, at *2 (3d Cir. Jan. 12, 2017); *see also ACE Am. Ins. Co. v.*

*Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 732 (3d Cir. 2009) (opining that "[a] failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.") (citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989)); *NutraSweet Co. v. Vit-Mar Enters., Inc.,* 176 F.3d 151, 153 (3d Cir. 1999) ("In the absence of irreparable injury, no preliminary injunction would lie, even if the other three elements . . . were found.").

### B. Analysis

The Court's analysis will focus on the irreparable harm element of the TRO test. Because Joseph has not shown irreparable harm, the Court will deny his motion.

Irreparable harm is "harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co.*, 882 F.2d at 801. To satisfy this element, the party moving for injunctive relief must demonstrate that "'irreparable injury is *likely* in the absence of an injunction.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 217 n.11 (3d Cir. 2014) (emphasis in original) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)) (quotations omitted). "'It is not enough for the harm to be 'serious or substantial. . . [I]t must be of a peculiar nature, so that compensation in money cannot atone for it.'" *Beberman*, 2017 WL 117527, at * 3 (quoting *Ecri v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977))). The word irreparable "'means that which cannot be repaired, retrieved, put down again, atoned for[.]'" *A.O. Smith Corp. v. FTC*, 530 F.2d 515, 525 (3d Cir. 1976) (quoting *Gause v. Perkins*, 3 Jones Eq. 177, 69 Am. Dec. 728 (1857)). It is well-established that "[t]he irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after

the fact by monetary damages. This is not an easy burden." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000).

Joseph claims he allegedly would suffer "irreparable harm" because he has been denied use of his boat, "which cannot be compensated for by mere money damages" which harm "amounts to irreparable injury." (Dkt. No. 3 at 9). Other than this conclusory statement about the irreparable harm he would suffer in being deprived of the use of his boat, Joseph makes no argument why the harm is "of a peculiar nature, so that compensation in money cannot atone for it." *ECRI,* 809 F.2d at 227. Indeed, should Joseph win on the merits of his action, he can be adequately compensated by monetary damages for loss of his boat, or loss of the use of his boat. Accordingly, his loss does not constitute irreparable harm.

The Court will therefore deny Joseph's Motion for Temporary Restraining Order. (Dkt. No. 2).

## **ORDER**

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff Wayne Joseph, Jr.'s Motion for Temporary Restraining Order and Injunctive Relief (Dkt. No. 2) is **DENIED**.

**SO ORDERED**.

February 27, 2017

_____/s/_____
WILMA A. LEWIS
Chief Judge